[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this matter, the plaintiff is seeking a return of $6,000.00, plus interest, which is alleged to have been posted with the defendant as a security deposit for the lease of a retail store on the Boston Post Road in Orange. The plaintiff's version of the lease agreement is almost totally different from the version testified to by the defendant, the lessor of the premises. No written lease between the parties was offered in evidence, though there was testimony that one was prepared and signed, but never delivered. CT Page 616
In the absence of a written lease, the court is left to interpret two bizarre explanations offered by the plaintiff and the defendant respectively. With respect to the plaintiff's complaint, the court notes the failure of the plaintiff to call as a witness the prior tenant of the premise. The plaintiff testified that this individual was present when the parties met, a cash payment was made, and the agreement to lease was concluded. The plaintiff claims a cash payment of $11,000.00 was made, the defendant claims the payment was for $9,000.00. No receipt was given!
The court finds that the plaintiff is entitled to a return of his $6,000.00 security deposit, less any damages proven by the defendant on his counterclaim.
With respect to the first count of the counterclaim, it is necessary to determine the oral agreement between the parties. Since the plaintiff vacated in April he claims he is not liable for rent and carrying charges for that month. However, the court finds that the agreement between the parties called for the plaintiff to pay carrying charges for the months in occupancy (January — April 1989), and the sum of $2,000.00 per month as base rent. The "free" month of April was available to the plaintiff as part of the agreement only if he remained in occupancy for May at the rate of $3,000.00.
In summary, the court concludes that the plaintiff paid $9,000.00 plus the $6,000.00 security deposit. He is obligated to pay four months rent at $2,000.00 a month, or $8,000.00 plus carrying charges in accordance with statement rendered (Exhibits 1 and 2) in the amount of $2,572.92, for a total of $10,572.92.
As to the third count of his counterclaim, the court finds the defendant has not sustained his burden of proof.
It is therefore the judgment of the court that the plaintiff recover of the defendant the sum of $4,427.08.
Under the circumstances of this case, the court does not find a CUTPA violation on the part of the defendant.
ANTHONY V. DeMAYO, JUDGE